UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **LORI A. SAVOIE** | * | **CIVIL ACTION NO. 13-0427** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **COMMISSIONER OF SOCIAL SECURITY** | * | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Pending before the undersigned for report and recommendation is the Defendant's Motion to Dismiss or Alternatively, Motion for Summary Judgment filed on June 17, 2013.[1]  [rec. doc. 9].  Plaintiff, Lori A. Savoie, proceeding *pro se*, filed opposition.  [rec. doc. 11].

For the following reasons, I recommend that the motion be **GRANTED**.

## Background

Claimant, Lori A. Savoie ("Savoie"), filed an application for a period of disability, disability insurance benefits, and supplemental security income on March 22, 2010.  [rec. doc. 9, Exhibit A, Declaration of Marian Jones, Court Case Preparation and Review Branch IV, Office of Disability Adjudication and Review,

---

[1] If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  Fed. R. Civ. P. 12(d).  As both parties have attached exhibits to their briefs, the undersigned will treat this as a motion for summary judgment.

Social Security Administration, Exhibit 1].  After denial of the applications initially, claimant requested a hearing.  On May 23, 2011, an ALJ issued a decision denying Savoie's claim.

Savoie then requested review of this decision.  On October 26, 2012, the Appeals Council sent notice denying Savoie's request for review and notifying her of the right to commence a civil action within 60 days.  [rec. doc. 9, Exhibit 2].  The notice was sent to her at 105 Cadillac St., Apt./Unt. #3, Lafayette, LA 70501, with a copy to her representative, Catherine B. Politz.

By letter dated December 17, 2012, Savoie requested an extension of time to file a civil action.  [rec. doc. 9, Exhibit 3].  By letter dated January 2, 2013, the Appeals Council granted Savoie's request, giving her an extension of 30 days from the date of receipt of the letter in which to file a civil action.  [rec. doc. 9, Exhibit 4].  The letter was sent to the same address on Cadillac Street.

On February 25, 2013, Savoie filed a Complaint with this Court seeking review of the denial of her application for disability benefits.  On June 17, 2013, the Government filed the instant motion for summary judgment on the ground that Savoie's complaint was untimely under 42 U.S.C. § 405(g).

2

## Standard for Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). On motions for summary judgment, the Court must examine the evidence and inferences drawn therefrom in the light most favorable to the non-moving party; after such examination, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Securities and Exchange Commission v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1994).

Once the movant makes this showing, the non-movant must come forward with evidence sufficient to establish the existence of a genuine issue of material fact. *Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 126 (5th Cir. 1994). Although the Court must draw all inferences in favor of the party opposing the motion, an opposing party cannot establish a genuine issue of material fact by resting on the mere allegations of the pleadings. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir.1991); *see also Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir.1980) (litigants may not oppose summary judgment through unsworn

materials). In short, a properly supported motion for summary judgment should be granted unless the opposing party produces sufficient evidence to show that a genuine factual issue exists. *Hulsey*, 929 F.2d at 170 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

## Legal Analysis

The Government argues that Savoie's action is barred because it was filed more than sixty (60) days after she received notice of the Appeals Council's denial of review. 42 U.S.C.A. § 405(g) provides, in pertinent part, as follows:

> (g) Judicial review
>
> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by *a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.*

(emphasis added).

The Commissioner has promulgated regulations explaining the meaning of "mailing"; the regulations clarify that a civil action must be commenced within sixty days after the Appeals Council's notice of denial of request for review "is received by the individual." *Flores v. Sullivan*, 945 F.2d 109, 111 (5th Cir. 1991) (*citing* 20 C.F.R. § 422.210(c)). The regulations also establish a rebuttable

4

presumption that "the date of receipt of notice . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."[2] *Id*. There is one exception to this 60-day period; the Commissioner may extend the time on a showing of good cause. *Id*.; *Triplett v. Heckler*, 767 F.2d 210, 214 (5th Cir. 1985).

Here, the Appeals Council mailed notice of denial of its request for review to Savoie on October 26, 2012. By letter dated December 17, 2012, Savoie requested an extension of time to file a civil action. By letter dated January 2, 2013, the Appeals Council granted Savoie's request, giving her an extension of 30 days from the date of receipt of the letter in which to file a civil action.

In Plaintiff's Statement of Material Facts, Savoie indicates that she had a change of address on October 30, 2012, from her previous address on Cadillac Street. Attached as an Exhibit is a copy of a Change of Address card dated October 30, 2012, from the United States Postal Service changing Savoie's address from Cadillac Street to 411 Sonny St., Apt. 207B, Lafayette, LA 70501-1257. [rec. doc. 11, Exhibit 1].

---

[2] Rule 6(a) of the Federal Rules of Civil Procedure does not apply because the five-day grace period is specified in a regulation, *i.e.*, 20 C.F.R. § 422.210(c), not in the Federal Rules of Civil Procedure or in any local rule or court order, or in any statute. *Tripp v. Astrue*, 864 F. Supp. 2d 120, 122 (D.D.C. 2012).

Savoie also attached a letter from the Appeals Council indicating that it remailed the extension notice to her on January 15, 2013, at the Sonny Street address. [rec. doc. 11, Exhibit 2(A)]. The letter further stated that the Appeals Council was extending the time within which she could file a civil action for 30 days from the date she received the remailed letter, and that "[w]e assume that you received this letter 5 days from the date on it unless you show us that you did not receive it within the 5-day period."

With the 5-day receipt of notice presumption, Savoie would have had to file suit by February 19, 2013, to be considered timely. However, she did not file her Complaint with this Court until February 25, 2013, six days after the extended deadline expired.

The 60-day requirement is not jurisdictional, but rather constitutes a period of limitations. *Bowen v. City of New York*, 476 U.S. 467, 478, 106 S.Ct. 2022, 2029, 90 L.Ed.2d 462 (1986); *Triplett*, 767 F.2d at 211. Congress has authorized the Commissioner to extend the 60-day limit where the equities in favor of tolling the limitations period are "so great that deference to the agency's judgment is

6

inappropriate."[3]  *Bowen*, 476 U.S. at 480, 106 S.Ct. at 2030 (*quoting Matthews v. Eldridge*, 424 U.S. 319, 330, 96 S.Ct. 893, 900, 47 L.Ed.2d 18 (1976)).

Here, the Appeals Council granted Savoie an extension of time in which to file a civil action with this Court.  The notice was remailed by the Appeals Council on January 15, 2013.  Despite this extension, Savoie did not file the action until February 25, 2013, six days after the extended deadline expired. Thus, this action is time-barred under § 405(g).

## Conclusion

For the reasons set forth above, the undersigned recommends that motion for summary judgment be **GRANTED**, and that plaintiff's claims be **DISMISSED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from

---

[3] Savoie asserts that she relied on misinformation provided by various personnel from the Social Security Administration and the courts, causing the delay in filing of her pleadings. However, unsworn statements cannot be considered in opposition to summary judgment. *Gordon*, 622 F.2d at 123 ("[a]lthough *pro se* litigants are not held to the same standards of compliance with formal or technical pleading rules applied to attorneys, we have never allowed such litigants to oppose summary judgments by the use of unsworn materials"); *Spencer v. Cain*, 480 Fed.Appx. 259, 261 (5th Cir. 2010) (same). Additionally, the Fifth Circuit has  long held that the government cannot be bound by unauthorized or incorrect statements of its agents. *Triplett*, 767 F.2d at 213.

service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

Signed July 12, 2013, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent:  RFD
On: 7/12/2013
By:  MBD